ARTHUR G. PEUCHEN and MARGE PEUCHEN, Respondents, *v.* FRITZ BEHREND, Appellant.

*Contract for the sale of merchandise to a party authorized to resell it for the benefit of both parties to the contract — a false report of a sale justifies its termination.*

Where a contract for the sale by one party to the other of acetic acid, at certain specified prices, provides that in the event of sales by the purchasing party to third persons, the parties to the contract are to share in the prices realized, but "that if F. Behrend (the purchasing party) shall purchase acetic acid for his own use that the price to be paid is the prevailing market price at which said goods are sold by F. Behrend," evidence that Behrend falsely reported a sale actually made to one company at two dollars and eighty cents, as having been made to another company at two dollars and fifty cents — the latter company being another name for himself — constitutes a violation of the contract authorizing its termination by the other party thereto.

APPEAL by the defendant, Fritz Behrend, from an order of the Supreme Court, made at the Richmond Trial Term and entered in the office of the clerk of the county of Richmond on the 5th day of January, 1900, setting aside a verdict in favor of the defendant as contrary to the evidence and the law, and granting a new trial.

*George C. Lay*, for the appellant.

*Henry Adsit Bull*, for the respondents.

WILLARD BARTLETT, J.:

On the 31st day of October, 1898, the plaintiffs, under their firm name of Peuchen & Co., entered into an agreement with the defendant for the sale of acetic acid by the plaintiffs to the defendant. The agreement was to last for one year. The plaintiffs agreed to

sell and the defendant agreed to buy acetic acid at prices specified in the contract to the amount of fifteen carloads per month. The agreement contemplated further sales by the defendant to third parties, and provided that the prices at which the article might be marketed by him should be equally divided between him and the plaintiffs. It also contained this provision : " It is further agreed that if F. Behrend shall purchase acetic acid for his own use that the price to be paid is the prevailing market price at which said goods are sold by F. Behrend."

In the view of the case taken by the learned trial judge in his charge to the jury there remained unpaid under this contract, at the time of the trial, the sum of $945.45 for goods consigned to the defendant by the plaintiffs; and they were entitled to judgment for this amount, unless the defendant had established the counterclaim which he set up in the answer for damages growing out of the fact that the plaintiffs, before the expiration of the term of the contract, refused to perform the same any further, and declined to sell or deliver any more acetic acid thereunder. The action of the plaintiffs in this respect was sought to be justified by proof tending to show, among other things, that the defendant had not complied with that provision in the contract which we have quoted and which bound him, if he purchased any of the acetic acid for his own use, to pay therefor the prevailing market price at which said goods were sold by him. There was evidence to the effect that sales really made to himself were reported by the defendant to the plaintiffs as having been made to the Hudson County Vinegar Company; and the case, as it went to the jury, turned upon this question, as stated by the learned trial judge : " Did the defendant sell either to himself, or to the Hudson County Vinegar Company, which is himself under another name, this vinegar and charge himself with less than the prevailing market rate ? If he did, then they were justified in declining to sell him any more. If he did not, then they were not justified. Your finding upon the merits here will depend on that question."

The jury rendered a verdict in favor of the defendant for the sum of $804.33, thus sustaining the counterclaim in a sum equal to that amount, added to the $943.43 which was conceded to be due from the defendant to the plaintiffs, as already stated.

The learned judge entertained a motion for a new trial, and after due consideration set aside the verdict upon three grounds, which are stated in his opinion.

We do not deem it necessary to pass upon the sufficiency of all of these reasons, but we think that his action in granting a new trial must be sustained on the ground that the proof clearly shows a violation of the contract on the part of the defendant in one respect.

The defendant's own testimony showed that he sold sixty barrels of acetic acid to the Weidmann Silk Dyeing Company for two dollars and eighty cents per one hundred pounds, and that he reported this transaction to the plaintiffs as a sale of sixty barrels to the Hudson County Vinegar Company for two dollars and fifty cents per one hundred pounds. The Hudson County Vinegar Company was another name for himself, used, as the plaintiffs assert, without their knowledge (though the defendant insists that they were aware, from the entire course of business and correspondence, that he and the vinegar company were identical). However this may be, we think it is perfectly clear that the sale to Weidmann and misrepresentation concerning it in the account rendered to the plaintiffs, constituted a violation of the contract between Behrend and the Peuchens, which warranted the Peuchens in terminating it and refusing to send Behrend any more acetic acid. In no view of the contract was Behrend paying for the acetic acid which he thus took "for his own use" in the name of the vinegar company, "the prevailing market price at which said goods are sold by F. Behrend." This is almost too plain for argument. It is preposterous to suppose that the Peuchens ever contemplated the idea, involved in Behrend's construction of the contract as applied to this transaction, that Behrend should be at liberty to take acetic acid from them "for his own use" at two dollars and fifty cents a hundred, and have them ship it directly to a customer of his who would pay him two dollars and eighty cents a hundred for it, this profit being retained by him instead of being shared by them. Under these circumstances the two dollars and eighty cents clearly represented "the prevailing market price at which said goods are sold by F. Behrend."

It is not necessary to adjudge that this action on Behrend's part was a fraud. As we view the agreement, however, there is no doubt that it was a violation of the contract, upon the discovery

of which the plaintiffs were justified in terminating their relations with the defendant, under the agreement, unless it shall be made to appear that his conduct in respect to this matter was really known to them and received their sanction, express or implied. On a new trial the extent of their knowledge, if any, concerning this matter may be made more distinctly to appear.

All concurred.

Order setting aside verdict affirmed, with costs.