### PEUCHEN et al. v. BEHREND.

(Supreme Court, Appellate Division, Second Department. April 18, 1902.)

CONTRACTS—BREACH—RESCISSION.

    Plaintiff contracted to sell, and defendant agreed to buy of plaintiff,
acetic acid to sell to others on joint account, and if defendant purchased
for his own use he was to pay the prevailing market price. In violation
of this agreement he reported 60 barrels as sold for $2.50 to a firm
which was in fact himself, and it thereupon sold it at an advance of
30 cents. Held, that plaintiff could rescind for such breach of contract,
unless he not only had means of knowing, but also he did know, of
such conduct, and sanctioned it.

Appeal from trial term, Richmond county.

Action by Arthur G. Peuchen and another against Fritz Behrend.
From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HIRSCHBERG, JJ.

George C. Lay, for appellant.
Henry Adsit Bull, for respondents.

HIRSCHBERG, J.   The disposition of this case on a former appeal (Peuchen v. Behrend, 54 App. Div. 585, 66 N. Y. Supp. 1092) leaves little to be determined now.   The plaintiffs sue to recover the agreed price of certain acetic acid consigned by them to the defendant, to be sold by him on joint account under the agreement of October 31, 1898.   The genuineness of the plaintiffs' claim was admitted upon the trial.   The defendant, however, has counterclaimed for damage alleged to have arisen from the refusal of the plaintiffs, on or about May 1, 1899, to continue to carry out the contract referred to, which, by its terms, was to last for one year, and until three months' notice of cancellation should be given.   On the first trial the jury found in favor of the defendant, but the verdict was set aside by the learned trial justice as contrary to the evidence and the law.   In affirming that decision upon one of the grounds upon which it was based, we held that the proof clearly showed a violation on the defendant's part of that provision of the contract by which it was expressly agreed that if he should purchase acetic acid under the contract for his own use the price to be paid for it by him should be the prevailing market price at which he sold such goods.   A single instance of the violation was set forth in the opinion of Mr. Justice Bartlett, writing for the court, wherein the defendant sold 60 barrels of the acid to the Weidmann Silk Dyeing Company for $2.80 per 100 pounds; reported the transaction to the plaintiffs as a sale of 60 barrels to the Hudson County Vinegar Company for $2.50 per 100 pounds, the latter company being but another name for himself.   The defendant claimed that his dealings in this and similar transactions were with the plaintiffs' knowledge, or with the means of knowledge on their part.   This the plaintiffs denied, and this court held that, irrespective of that question, the transaction was a clear violation of the agreement, which, on discovery, would justify the termination of the contractual relations of the parties, and that it was incumbent upon the defendant, in sustaining his counterclaim, to prove, not only that his conduct was known to the plaintiffs, but that it received their sanction, express or implied.   It may be conceded that such sanction would be properly inferable from a continuance of business relations after the discovery, and without protest, but in that view it would manifestly be important to establish the time of the discovery by some definite proof, so that the inference of sanction from a failure to promptly object might be intelligently applied.

On the second trial the defendant has introduced considerable evidence designed to establish knowledge and sanction on the plaintiffs' part, not only in reference to the transaction in question, but as to others which are deemed to constitute violations of the agreement in other particulars, and he has also offered considerable evidence for the same purpose, which the learned trial justice has rejected, but which, being mainly documentary, is printed in full in the record.   None of the evidence is claimed to establish any actual

notice to or knowledge by the plaintiffs of the defendant's course of dealing now complained of; but it is insisted that the plaintiffs might have discovered it sooner than they did from a minute and careful inspection and comparison of empty barrels returned with the tags upon them, the correspondence, and accounts of sales rendered, and other matters not necessary to refer to in detail. After a careful examination of all this evidence, that rejected as well as that received, it is sufficient to say that it would not justify a jury in concluding that the plaintiffs knew and sanctioned any violations of the contract upon the part of the defendant.

We may repeat what was said upon the first appeal, that nothing in the case demands an adjudication of fraud upon the part of the defendant. He is doubtless sincere in his construction of the contract, and may very well have acted throughout in good faith. There is certainly as little reason to question the good faith of the plaintiffs, who, acting upon a construction of the contract which the courts have since adopted, claim in their correspondence to have terminated the contract immediately upon discovery of the deviations. That all the violations were not known to the plaintiffs when they wrote the letter of May 17, 1899, refusing to ship the defendant any more goods, or even that the chief violations were not then known, does not preclude the plaintiffs from canceling the contract and justifying upon proof of violations then existing but subsequently discovered. But it is impossible to read the correspondence between the parties which followed the letter referred to without a conviction that the plaintiffs did not sooner know, and certainly did not sanction, the course of dealing on the defendant's part which is therein complained of and now condemned as in violation of the contract, and without the additional conviction that the defendant knew that such course could only be discovered by an investigation which, in the absence of suspicion, or circumstances tending to excite suspicion, would be as unlikely as uncalled for.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.